BROOKHAVEN RESIDENTIAL SALES, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; STERLING HOMES, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brookhaven Residential Sales, Inc. v. Commissioner
Docket Nos. 2857-80, 2858-80.
United States Tax Court
T.C. Memo 1982-64; 1982 Tax Ct. Memo LEXIS 688; 43 T.C.M. (CCH) 494; T.C.M. (RIA) 82064; February 10, 1982. As corrected February 16, 1982 Edward A. Fedok, for the petitioners. *689 Louis T. Conti, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined income tax deficiencies of $ 9,002 and $ 4,050 for Brookhaven Residential Sales, Inc. (Brookhaven), and Sterling Homes, Inc. (Sterling), respectively, for the taxable year ended December 31, 1976. The only issue for decision is whether Brookhaven and Sterling (petitioners) are component members of a brother-sister controlled group of corporations, as defined in section 1563(a)(2), I.R.C. 1954. [1] All of the facts have been stipulated. *690 Robert Ashbrook (Ashbrook) is the sole stockholder of Brookhaven, and he owns 70 percent of the stock of Sterling. The remaining 30 percent of Sterling is held by an unrelated party, Henry Goldberg (Goldberg). On their tax returns for the year ended December 31, 1976, petitioners each claimed a full surtax exemption. The Commissioner determined that petitioners were component members of a controlled group of corporations and therefore entitled only to share a single exemption. See section 1561(a), I.R.C. 1954. Accordingly, the Commissioner allocated the exemption $ 15,000 to Brookhaven and $ 35,000 to Sterling. In their petitions, Brookhaven and Sterling dispute both the denial of multiple surtax exemptions and the Commissioner's allocation of the single exemption. Because we hold that petitioners are entitled to multiple exemptions, we do not reach their contention as to the propriety of the allocation. Two tests must be satisfied before a corporation will be termed a component member of a brother-sister controlled group. The parties have stipulated, and we so find, that the 50 percent identical-ownership test [2] is satisfied here because at all relevant times Ashbrook owned *691 at least 50 percent of both petitioners. The issue arises in this case as to the 80 percent test of section 1563(a)(2)(A). The petitioners contend that, in determining whether a group of five or fewer persons owns at least 80 percent of the voting stock of the two corporations, only Ashbrook's stock should be considered since he is the only person who owns stock in both corporations. Under petitioners' approach, Ashbrook's 70 percent interest in Sterling falls short of the 80 percent standard and thus no controlled group exists. The Government, relying on its regulation, [3] contends that the ownership interest of Goldberg is to be considered, even though he owns no stock in Brookhaven. Accordingly, a controlled group would be established because not more than five persons would own 100 percent of both corporations. In Whitaker Construction Co. v. Commissioner,T.C. Memo. 1982-63, decided this day, we were faced with the same issue, and we stated: The controlling issue in this case has been the subject of considerable litigation in a number of other cases in *692 this Court, the district courts, various courts of appeals, and the Court of Claims. In view of the fact that a diversity of views was emerging in the courts in respect of this issue, it appeared likely that the matter would ultimately be authoritatively resolved by the Supreme Court. We accordingly refrained from deciding this case more promptly to await developments in the Supreme Court, and thus to relieve the parties of the burden of unnecessary further litigation in an appellate court pending final disposition in the Supreme Court. As anticipated, the issue was finally adjudicated by the Supreme Court, United States v. Vogel Fertilizer Co., 455 U.S.   $ (Jan. 13, 1982), and we have already followed that decision in B & M Investors Corp. v. Commissioner, 78 T.C.     (Jan. 29, 1982). To reflect the foregoing, Decisions will be entered for the petitioners.
Footnotes
1. SEC. 1563. DEFINITIONS AND SPECIAL RULES. (a) Controlled Group of Corporation.--For purposes of this part, the term "controlled group of corporations" means any group of-- (2) Brother-Sister Controlled Group.--Two or more corporations if 5 or fewer persons who are individuals, estates, or trusts own (within the meaning of subsection (d)(2)) stock possessing-- (A) at least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of shares of all classes of the stock of each corporation, and (B) more than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of each corporation, taking into account the stock ownership of each such person only to the extent such stock ownership is identical with respect to each such corporation.↩
2. Sec. 1563(a)(2)(B), I.R.C. 1954↩. 3. Sec. 1.1563-1(a)(3)(ii), Example 1, Income Tax Regs.↩